UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERBERGER, BEVERLY WEISBECKER,
CYNTHIA WILLIAMS and MARCIA CARROLL,
on behalf of themselves and all other employees similarly situated,

Plaintiffs,

v.

CATHOLIC HEALTH SYSTEMS, INC., et. al.,

Defendants.

**Civil Action No.
08-CV-00380-WMS**

## DECLARATION

I, **Todd Shinaman**, under penalty of perjury, hereby declare and state:

1.      I am an attorney with the law firm of Nixon Peabody, LLP, attorneys for

Catholic Health Systems, Inc., *et. al*, (hereinafter "CHS" or "Defendants") in this action, and

am admitted to practice in this Court.  The matters stated herein are within my personal

knowledge and I am competent to testify to them.

<u>Solicitation Letters</u>

2.      Upon information and belief, beginning in January 2008, the law firm of Dolin,

Thomas & Solomon, LLP, attorneys for Plaintiffs in this action, began sending solicitation

letters to current and former CHS employees.   These solicitation letters described the firm's

purported "investigation of how Buffalo Health Care employers paid their nurses, technicians,

and hourly employees," and directed employees to fill out enclosed information and consent

forms.  Examples of such letters, addressed to a CHS executive, and the enclosed forms are

attached as **Exhibits A** and **B**.  The letters also directed employees to a website set up by the

firm, www.hospitalovertime.com, for additional solicitation.

<u>Employee Declarations</u>

3.      Both prior to, and following the commencement of, this action, attorneys from my firm conducted interviews of non-exempt employees of the Defendants.  I personally conducted interviews of some of these employees.  I am familiar with the process used for conducting the interviews, as well as for obtaining the declarations from the non-exempt employees submitted by Defendants in this case.  Before any employee was interviewed, he or she was read a two-page document called a "Prefactory Statement to Interviewees Regarding Purpose of Interviews."  After reading the statement, employees were asked, *inter alia*, whether (i) they were represented by counsel in connection with this or any other potential wage-hour claim; (ii) they understood its contents; and (iii) they were willing to discuss their employment with CHS.  This process was designed in strict conformity to ethical standards and rules and ensured that (i) no interview was conducted unless it was completely voluntary on the part of the employee; and (ii) there was no improper communications with represented parties.  After the commencement of the action and the filing of the opt-in consent forms, as an additional safeguard, a list was compiled of the named plaintiffs and opt-ins.  Before the commencement of any interview, attorneys from my firm compared this list against the name of the employee to be interviewed to ensure that no one who was currently represented by Plaintiffs' counsel was interviewed.

4.      I explained to each employee whom I interviewed that the interview had to be completely voluntary, and that any declaration obtained from him or her had to be completely voluntary and accurate.  I further explained that their respective employers would neither reward nor punish them for participating in the interview or not, or for anything that they said.

5.      Based on information and belief, I am informed that at least one employee refused to be interviewed and accordingly was not pursued any further.  Furthermore, I only obtained declarations from employees who agreed to provide them voluntarily.

6.      I instructed the other attorneys at my firm who conducted other interviews of CHS employees to follow the same procedure described in paragraphs 3 through 5, and am informed and believe that they have done so.

7.      The declarations of 27 employees and their signed "Prefatory Statements" are attached hereto as **Exhibit C**.  The declarations of 16 management employees are attached hereto as **Exhibit E**.

Notice

8.      It is the position of CHS that Plaintiffs have failed to meet their evidentiary burden and that the Court should therefore deny the instant Motion for Collective Action Certification.  If the Court does, however, order the issuance of notice, CHS objects to the form of Plaintiffs' proposed notice on the grounds that in several respects it misstates the law and is confusing and/or ambiguous, and attaches as **Exhibit D** a red-lined version of the notice with proposed revisions which accurately characterize a collective action under the Fair Labor Standards Act and clarify employees' rights.  For the reasons stated in Defendants' Memorandum of Law, this is the only notice that should be given.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on July 31, 2008                    /s/ Todd R. Shinaman

_____
TODD R. SHINAMAN

- 4 -

NIXON PEABODY LLP
*Attorneys for Catholic Health System*
*Defendants*
1100 Clinton Square
Rochester, New York   14603
Tel:  (585) 263-1000
Email:  tshinaman@nixonpeabody.com