UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERBERGER, BEVERLY WEISBECKER,
CYNTHIA WILLIAMS and MARCIA CARROLL,
on behalf of themselves and all other employees similarly situated,

                                       Plaintiffs,

           v.

**Civil Action No.
08-CV-00380-WMS**

CATHOLIC HEALTH SYSTEMS, INC., et. al.,

                                       Defendants.


**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE EVIDENCE
INTRODUCED FOR FIRST TIME IN PLAINTIFFS' REPLY MEMORANDUM
AND/OR FOR LEAVE TO FILE A SUR-REPLY**


**NIXON PEABODY LLP**
*Attorneys for the Catholic Health System Defendants*
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
(716) 853-8100

11076344.3

**PRELIMINARY STATEMENT**

Defendants hereby move to strike the additional evidence improperly submitted by Plaintiffs for the first time with their Reply Memorandum of Law "In Further Support of Motion for Expedited Notice To Affected Employees." (Dk. No. 122). The improper evidence is set forth as Exhibit A to the Affirmation of J. Nelson Thomas filed on August 22, 2008. (Dk. No. 123). In the alternative, Defendants request Leave of Court to file a sur-reply in order to substantively respond to the new information improperly submitted by the Plaintiffs in their Reply papers.

**BACKGROUND**

Plaintiffs filed their collective action Complaint on May 22, 2008. (Dk. No. 1). On May 28, 2008, Plaintiffs filed a motion requesting that the Court conditionally certify a collective action and to effect court-supervised notice pursuant to Section 216 of the Fair Labor Standards Act. (Dk. No. 8). Plaintiffs requested that the Court hear their Motion on an expedited basis. Also on May 28, 2008, with their initial motion papers, Plaintiffs filed four (4) affirmations of named Plaintiffs in support of their Motion.[1] (Dk. Nos. 10-13).

Pursuant to the Court's scheduling order, on August 8, 2008, Defendants filed their Opposition Brief to Plaintiffs' Motion, as well as their supporting evidence in opposition to Plaintiffs' Motion. (Dk. Nos. 111-116). Plaintiffs filed their Reply Brief to Defendants' Opposition on August 22, 2008. (Dk. No. 122). Also on August, 22, 2008, with their Reply Brief, Plaintiffs submitted the new evidence at-issue here. (Dk. No. 123). Plaintiffs did not seek leave of court or even consult with Defendants prior to submitting this evidence for the first time

---

[1] As set forth in CHS' Opposition Brief, Plaintiffs have been soliciting potential plaintiffs since as early as January 2008. Thus, any evidence from potential plaintiffs could have, and should have, been filed with their motion on May 28, 2008.

in their Reply papers. Without the relief requested in this motion, Defendants would have no opportunity to refute or comment on Plaintiffs' newly and inappropriately submitted evidence.

## ARGUMENT

### 1. Any New Evidence Submitted for the First Time in Plaintiffs' Reply Papers Should be Stricken

For the first time with their Reply Brief, Plaintiffs submitted additional affirmations from some of the opt-in Plaintiffs.[2] While these affirmations do nothing to support Plaintiffs' Motion, and while they even support Defendants' position that the named Plaintiffs are not "similarly situated" to the proposed class and that an individualized analysis is necessary to adjudicate Plaintiffs' claims, they are nevertheless improper and should be stricken.

First, Local Rule 7(c) does not contemplate the filing of evidence for the first time in a Reply. See Duryea v. County of Livingston, 2007 WL 1232228, *6 (W.D.N.Y. 2007) ("the fact that defendants raised a new issue in their reply brief is improper practice"); General Electric Capital Corp. v. Titan Aviation, Inc., 2007 WL 107752, *7 (S.D.N.Y. 2007) ("While they include a number of affidavits with their moving papers, none provides a list of potential witnesses or a general statement as to their expected testimony. The Court will not consider the affidavits attached to Defendants' reply papers, as arguments cannot be made for the first time in reply papers"); Tischmann v. ITT/Sheraton Corp., 145 F.3d 561 fn. 4 (2d Cir. 1998) ("Because Tischmann did not raise the argument . . . until his reply brief, we consider it waived"). This is especially true where, as here, such evidence was available to Plaintiffs at the time they filed

---

[2] The affirmations are unsworn and many of them do not even comply with 28 U.S.C. § 1746 in that a number of the affirmations are undated.

11133886.1

2

their Motion in May 2008 and it could have been presented at that time.[3] Twenty-seven of the twenty-nine individuals who submitted new affirmations with the Reply papers either opted into or were named plaintiffs in the case at the time that Plaintiffs' filed their motion for conditional certification.

It is not surprising that Courts uniformly frown upon a moving party placing new evidence in a Reply Brief.  See, *e.g.*, Mapinfo Corp. v. Spatial Re-Engineering Consultants, 2007 WL 28411, fn. 1 (N.D.N.Y. 2007) ("the declaration may not be considered because it constitutes new factual matters not presented to the Court on the original motion.  Second, SRC submitted Dr. Keegan's affidavit as part of its reply papers on this motion, not as part of its original motion.  Accordingly, Mapinfo's motion to strike is granted") (internal citations omitted); Vogt et al. v. Texas Instruments, Inc., 2006 U.S. Dist LEXIS 67226 (N.D. Tex. 2006) (additional evidence introduced for the first time in Reply Brief in FLSA notice motion stricken); Hamilton v. Williams, 2007 U.S. Dist. LEXIS 67486 (E.D. Ca. 2007) (the court cannot grant a motion on new evidence presented for the first time in a reply brief).  The reason that parties must include their evidence in their opening brief is to prevent the "sandbagging" of the other non-moving party and to provide opposing counsel a chance to respond.  See Corson and Gruman Co. v. NLRB, 899 F.2d 47, 50 (D.C. Cir. 1990).

Accordingly, it was inappropriate for the Plaintiffs to submit these new affirmations as part of their Reply papers.  The affirmations filed by Plaintiffs as Exhibit A to Docket No. 123 should, therefore, be stricken.

---

[3] Indeed, Plaintiffs' improper pre-notice mass solicitations commenced as early as January 2008, six months prior to filing their Motion.  It is inexcusable for Plaintiffs to submit new affirmations in a Reply brief eight (8) months after its self-help solicitation efforts commenced.

### 2. Should the Court Decide Not to Strike the Newly Filed Evidence, Defendants Should Be Afforded the Opportunity to Submit A Sur-Reply

Should the Court decide not to strike the additional evidence submitted by Plaintiffs, Defendants request the opportunity to submit a Sur-Reply Brief as a matter of elementary fairness.  See <u>Champney's et al. v. Ferguson Enterprises, Inc</u>., 2003 U.S. Dist. LEXIS 4589 (S.D. Ind. 2003) (defendants entitled to respond to additional evidence raised in sur-reply brief as a matter of elementary fairness).  A proposed Sur-Reply Brief is attached as **Exhibit A**.  In their Reply Brief, Plaintiffs submitted affirmations from twenty-nine additional employees in an unpersuasive attempt to counter the substantial and varied declarations submitted by Defendants in opposition to Plaintiffs Motion.  The newly submitted affirmations are virtually identical to the vague and conclusory ones submitted with their original motion and serve only to highlight the fact that Plaintiffs utterly failed, and continue to fail, to allege a common policy or practice that violates the FLSA.  Plaintiffs continue to argue that it is a "Break Deduction Policy" that is the common policy or practice applicable to employees to support a "similarly situated" finding at this stage in the proceeding.  However, as we set forth in our Opposition Brief, a so-called Break Deduction policy is lawful according to the Department of Labor, as well as the courts reviewing such a policy.  Thus, because it is a lawful policy and in accordance with the FLSA, it cannot form the basis of a "similarly situated" finding, as a plaintiff in such an action must show "that he or she and the proposed class members together were victims of a common policy or plan **that violated the law**."  <u>Hens v. ClientLogic Operating Corp.</u>, 2006 U.S. Dist. LEXIS 69021 (W.D.N.Y. 2006) (Skretny, J.) (emphasis added).  Plaintiffs' Reply does not refute this critical point.

Further, the affirmations, including each of the new ones, are all from patient care employees.  Plaintiffs have failed to provide affirmations from the large and diverse segment of the different classifications of hourly employees Plaintiffs seek to represent in this action.  The new affirmations do not refute the declarations of supervisors and employees from several departments and facilities submitted by Defendants which demonstrate that employees in these areas either did not work during their meal periods or were always paid when they performed work during meal periods.

Accordingly, as an alternative to striking the new affirmations submitted by the Plaintiffs with their Reply Brief, Defendants should be permitted to file a sur-reply.  The proposed sur-reply that the Defendants request leave to file is attached hereto as Exhibit A.


Dated:  Buffalo, New York
      September 3, 2008.              NIXON PEABODY LLP

                                                         /s/ Mark Molloy

                                    By: _____
                                           Mark Molloy, Esq.
                                           Todd Shinaman, Esq.
                                           Joseph Carello, Esq.
                                *Attorneys for Catholic Health System Defendants*
                                40 Fountain Plaza, Suite 500
                                Buffalo, New York 14202
                                Tel:  (716) 853-8100
                                Email:  mmolloy@nixonpeabody.com
                                          tshinaman@nixonpeabody.com
                                          jcarello@nixonpeabody.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERBERGER, BEVERLY WEISBECKER,
CYNTHIA WILLIAMS and MARCIA CARROLL,
on behalf of themselves and all other employees similarly
situated,

                                                                               **CERTIFICATE OF SERVICE**

                                  Plaintiffs,        Civil Action No.
                - vs -                                    08-CV-00380 (WMS)

CATHOLIC HEALTH SYSTEMS, INC., et. al.,

                                  Defendants.

      I, Mark Molloy, attorney and counselor at law admitted to practice before this Court, a partner with the firm of Nixon Peabody LLP, attorneys for the Catholic Health System defendants, do hereby certify that on September 3, 2008 I electronically filed Defendant's Brief in Support of their Motion to Strike Evidence Introduced for First Time in Plaintiffs' Reply Memorandum and/or for Leave to File a Sur-Reply with the Clerk of the Western District using the CM/ECF system, which sent notification of such filing to the following:

J. Nelson Thomas, Esq.
DOLIN, THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York   14607
Tel:  (585) 272-0540
Fax:  (585) 272-0574
Email: nthomas@theemploymentattorneys.com


DATED:     Buffalo, New York
                 September 3, 2008

11133886.1

2

        N<small>IXON</small> P<small>EABODY</small> LLP

          /s/ Mark Molloy

   By: _____
       Mark Molloy, Esq.
*Attorneys for Catholic Health System Defendants*
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Tel:  (716) 853-8100
Email:  mmolloy@nixonpeabody.com

11133886.1

2