UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERBERGER, et al.,

                      Plaintiffs,

      v.                                       **DECISION AND ORDER**
                                                       08-CV-380S

CATHOLIC HEALTH, et al.,

                      Defendants.

## I. INTRODUCTION

On November 25, 2008, this Court issued a Decision and Order (Docket No. 147, hereafter, "Decision"), granting in part, and denying in part, Defendants' Motion to Dismiss. Presently before this Court are Defendants' Motion for Partial Reconsideration[1] (Docket No. 149), and Plaintiffs' Motion for Reconsideration (Docket No. 152).[2] For the reasons discussed below, Defendants' Motion is granted in part and denied in part, and Plaintiffs' Motion is granted in part and denied in part.

## II. PROCECURAL BACKGROUND

Plaintiffs commenced this action by filing a Complaint in the United States District Court for the Western District of New York on May 22, 2008, alleging, *inter alia*, that

---

[1] Defendants filed a memorandum of law (Docket No. 150) and a reply memorandum (Docket No. 164) in support of their motion. Plaintiffs filed a memorandum in opposition (Docket No. 162) and additional authority (Docket No. 168).

[2] Plaintiffs filed a memorandum of law (Docket No. 153), a reply memorandum (Docket No. 165), and additional authority (Docket No. 167) in support of their motion. Defendants filed a memorandum (Docket No. 161) in opposition.

Defendants (collectively, "Catholic Health") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay hourly employees for all hours worked, including overtime for hours worked over 40 per week. In particular, Plaintiffs claim Catholic Health failed to pay them for time worked during meal breaks, before and after their scheduled shifts, and for attendance at compensable training sessions.

On July 1, 2008, Catholic Health moved to dismiss the complaint in its entirety pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 86.) Plaintiffs subsequently withdrew without prejudice all but three of their thirteen causes of action, leaving the first (FLSA), second (NYLL), and thirteenth (estoppel) remaining. (Docket No. 101.) This Court, on November 25, 2008, declined to dismiss the FLSA claim, but granted partial dismissal of the NYLL claim. Specifically, the Court found Plaintiffs' NYLL claim preempted by section 301 of the Labor Management Relations Act ("LMRA") to the extent it seeks recovery for unpaid preliminary and postliminary work and unpaid training time. Dismissal was denied to the extent the NYLL claim seeks recovery for unpaid work during meal periods.[3]

Both parties moved for reconsideration. Catholic Health contends this Court committed legal error when it concluded the NYLL claim relating to work allegedly performed during meal breaks is not preempted by the LMRA. It urges that section 162 of the NYLL, cited by the Court, does not provide a private cause of action, and even if Plaintiffs do have an independent statutory right to recovery, the Court erred in its

---

[3] Catholic Health acknowledged the existence of the estoppel claim (Docket No. 87 at 1), but did not advance any independent argument in support of dismissal. Accordingly, it was not addressed in the Court's decision.

application of the preemption analysis. Plaintiffs, on the other hand, contend that the Court committed legal error in holding that claims for preliminary and postliminary work and compensatory training time are preempted by the LMRA. They urge that the NYLL does provide a statutory right to compensation for such work and that the Court erred in concluding those aspects of the NYLL claim are preempted.

### III. DISCUSSION

**A. The Motions for Reconsideration**

    **1. Standard of Review**

Motions for reconsideration are not recognized under the Federal Rules of Civil Procedure *in haec verba*. Catholic Health cites to Rules 59(e) and 60(b) as the basis for its motion, and Plaintiffs cite generally to Rules 59 and 60. Where, as here, a motion for reconsideration is filed no later than 10 days after the challenged order or entry of judgment, courts ordinarily treat the motion as brought under Rule 59(e). *See, e.g.*, Constellation Brands, Inc. v. Arbor Hill Assocs., Inc., No. 02 Civ. 6498 CJS, 2008 U.S. Dist. LEXIS 20264, at *5-6 (W.D.N.Y. Mar. 14, 2008).

Alteration of a court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (citations omitted). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent

3

obvious injustice." Nnebe v. Daus, No. 06 Civ. 4991 KMK, 2006 U.S. Dist. LEXIS 58611, at *3 (S.D.N.Y. Aug. 7, 2006) (internal quotation marks and citation omitted).

The standard for granting a Rule 59(e) motion is strict, and reconsideration is generally denied as Rule 59(e) "motions are not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." Celeste v. East Meadow Union Free Sch. Dist., 2008 U.S. Dist. LEXIS 61099, at *3 (E.D.N.Y. Aug. 5, 2008) (internal quotation marks and citation omitted); *see also*, Exxon Shipping Co. v. Baker, ___ U.S. ___, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (citation omitted)).

A decision to grant or deny a Rule 59(e) motion is within the sound discretion of the court, and the motion should be granted only when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, would have changed its decision. Atlantic Cas. Ins. Co. v. Joney Const. Corp., 2008 U.S. Dist. LEXIS 54151, at *3-4 (E.D.N.Y. July 12, 2008) (citations omitted); *see also*, North River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160, 165 (2nd Cir. 1995), *cert. denied*, 516 U.S. 1184, 116 S. Ct. 1289, 134 L. Ed. 2d 233 (1996) ("A court should be 'loath' to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (citations omitted)).

Because this case is at the pleading stage, the underlying decision did not resolve evidentiary issues. Neither party points to an intervening change in law. The issue, then, is whether the Court overlooked controlling law that was put before it in the motion to dismiss, or otherwise committed a clear error of law. The Court has reconsidered its prior reasoning on the preemption issue and modifies its Decision as set forth below.

### 2. The Preemption Doctrine

Section 301 of the LMRA applies to "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has long held that federal law governs disputes for breach of a collective bargaining agreement ("CBA"). *See* Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456, 77 S. Ct. 912, 1 L. Ed. 2d 972 (1957). But, "the preemptive force of 301 extends beyond state-law [breach of] contract actions[,]" United Steelworkers v. Rawson, 495 U.S. 362, 369, 110 S. Ct. 1904, 109 L. Ed. 2d 362 (1990), to encompass claims "substantially dependent upon analysis" of a CBA as well, Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985) (state law tort action may be preempted if duty to the employee is created by CBA and does not exist independent of the agreement). "The interest in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation." Lueck, 471 U.S. at 211. In short, if the state law at issue purports to define the contract's meaning, that law is preempted by § 301. *Id.* at 213.

However, "[i]n extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent . . . to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 212; see also, Vera v. Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003). A state claim is not preempted if its application requires "mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'" Vera, 335 F.3d at 115 (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).

The Second Circuit has noted that the boundary between claims requiring "interpretation" of a CBA and those that require the CBA be "consulted" is an elusive one. Wynn v. AC Rochester, 273 F.3d 153, 158 (2d Cir. 2001). To determine on which side of that elusive line a particular claim falls, courts first consider whether the right at issue derives from state law or solely from a provision of the CBA. If it is the latter, the claim is preempted. Where the right derives from state law, the court must go on to consider whether the state law claim requires interpretation of a provision of the CBA. If contract interpretation is required, the claim is preempted. Levy v. Verizon Information Servs. Inc., 498 F. Supp. 2d 586, 596 (E.D.N.Y. 2007) (citations omitted). But "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994).

### a. *The Basis for Plaintiffs' Claim*

This case was commenced as a putative class action. According to the Complaint, the four named Plaintiffs and other potential class members[4] "were suffered or permitted to work by [Catholic Health] and not paid their regular or statutorily required rate of pay for all hours worked." (Docket No. 1, ¶ 72.) In particular, Plaintiffs allege that Catholic Health knows its employees perform work during meal breaks, before and after their shifts, and for attendance at compensable training sessions, but does not compensate them for such work. (*Id.* ¶¶ 77-81.) Plaintiffs urge they have a state law right to payment of wages for time worked,[5] and this Court agrees.

Under the NYLL, employers must notify employees of their rate of pay at the time of hire, and of any amendments thereafter. N.Y. LAB. LAW § 195 (McKinney 2009). Wages for all "labor or services rendered" must be paid to the employee within the time specified by statute and/or the Commissioner of Labor. *Id.* §§ 190(a), 191. If the employer fails to make timely payment, an employee can seek to recover unpaid or underpaid wages (article six), and unpaid overtime for hours worked in excess of forty per week (article 19 and 12 NYCCRR 142-2.2[6]), by either filing a complaint with the Commissioner, § 196-a, or commencing an action, §§ 198, 663.

---

[4] Plaintiffs have not yet moved for class certification of their NYLL claim and so, the identity and number of plaintiffs is not yet known.

[5] In the future, it would behoove Plaintiffs to articulate the statutory provisions at issue, instead of relying on sweeping references to the NYLL.

[6] "[T]he Second Circuit Court of Appeals and . . . New York District Courts have verified that overtime claims may be brought pursuant to NYLL § 650 *et seq.* and that implementing regulation 12 NYCCRR 142-2.2 carries the force of the law." Diaz v. Electronics Boutique of Am., Inc., 2005 U.S. Dist. LEXIS 30382, at * (W.D.N.Y. Oct. 13, 2005) (citations omitted).

In short, regardless of the existence of any contract between Catholic Health and its employees, Plaintiffs have a statutory right to the recovery they seek here. Catholic Health implicitly conceded as much when it moved to dismiss this claim solely on the ground that "adjudication of the Plaintiffs' NYLL claim is substantially dependent upon the[] collective bargaining agreements" and is therefore preempted by § 301 of the LMRA. (Docket No. 87 at 9.).[7]

### b. *The Relevance of CBAs to Resolution of the Claim*

Plaintiffs allege that potential class members and Catholic Health entered into "implied contracts and/or express contracts such as collective bargaining agreements." (*Id.* ¶ 93.) These various contracts are each alleged to include implied or express terms by which "defendants agreed to fulfill all of their obligations pursuant to applicable state and federal law including payment for all time worked and overtime at time and one-half for time worked over 40 hours in a week." (*Id.* ¶ 94.) Catholic Health contends that adjudication of employee claims "will substantially depend upon . . . a review and interpretation of the applicable CBAs." (Docket Nos. 87 at 11; 150 at 5-6.) The Court must consider whether the NYLL wage claim is intertwined with CBA terms such that contract interpretation is required to resolve the claim.

As Catholic Health correctly notes, the Court may consider CBAs in ruling on its motion to dismiss without converting the motion to one for summary judgment. Carvalho v. Int'l Bridge & Iron Co., 2000 U.S. Dist. LEXIS 4419, at *2 n.1 (D. Conn. Feb. 25, 2000)

---

[7] The only objection Catholic Health now raises to the Court's analysis of this issue is to the determination that NYLL § 162 provides a statutory basis for Plaintiffs' claim. The Court having revised its analysis in this regard, Catholic Health's objection requires no further discussion.

(court may examine CBA to determine preemption issue). Indeed, it is well settled, as a general matter, that courts may consider any documents referenced in the complaint, or that the plaintiffs relied on in bringing suit, without converting a Rule 12(b)(6) motion. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

The problem here is that there is no telling which CBA, if any, is applicable. Plaintiffs' reference to implied contracts suggests that certain named Plaintiffs and/or putative class members are non-union employees. Neither party noted this in briefing on the underlying motion, nor did the Court address it. However, it bears stating now that, to the extent any Plaintiff or potential plaintiff is not covered by a CBA, there can be no preemption of his or her NYLL claim.

In referring to express contracts, the parties consistently use the plural, thereby acknowledging the existence of more than one CBA. However, Plaintiffs do not identify any particular CBAs in their Complaint, nor do they state which CBA(s), if any, applies to them. Catholic Health, in turn, attached to an attorney's declaration nine CBAs between some of the defendant entities and various unions. (Docket No. 86, Exs. A - I.) It urges that the attached agreements "demonstrate the extensive interpretation and analysis" that will be required here, and cites to discrete provisions from four of the nine CBAs in support. But it is not clear at this point whether the attachments include all of the CBAs between Catholic Health and employees who are or may become plaintiffs. And it may be that certain of the attached CBAs do not cover any named Plaintiffs or potential plaintiffs.

Having carefully reconsidered the underlying motion, the Court declines to render what may be an advisory or partial opinion on the effect of these nine CBAs. It may well

be that Plaintiffs' NYLL claim is preempted, in whole or in part. However, in the Court's considered view, the time to make that determination is after the parties and the Court are clear on which bargaining units are implicated in this action and which CBA or CBAs apply.[8]

\* \* \* \* \*

To summarize, Catholic Health's motion for reconsideration is granted to the extent it contends the Court erred in its preemption analysis in concluding that, where a statutory right exists, CBA provisions are irrelevant. Plaintiffs' motion for reconsideration is granted to the extent it challenges the Court's conclusion that they do not have a statutory right to seek unpaid or underpaid wages for all hours worked. Both motions are denied in all other respects, either for the reasons stated herein or because the arguments are premature.

## B. Filing of an Amended Pleading

On the same date the parties moved for reconsideration, they filed a Stipulation agreeing that Plaintiffs will file an Amended Complaint in this action. (Docket No. 151.) The Court "so ordered" the stipulation on December 17, 2008. (Docket No. 155.) Now that the motions for reconsideration have been addressed, Plaintiffs are directed to file an Amended Complaint on or before December 15, 2009, that includes only their FLSA, NYLL, and estoppel claims, and the facts pertinent thereto.

---

[8] At that time, the Court anticipates that for each CBA at issue Catholic Health will identify the provisions that are implicated and articulate why interpretation, rather than mere reference to the provisions, is necessary.

## IV. CONCLUSION

For the reasons stated, the parties' respective Motions for Reconsideration are each granted in part and denied in part, and the Court's prior order (Docket No. 147) is amended consistent with the foregoing analysis.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Partial Reconsideration (Docket No. 149) is GRANTED IN PART and DENIED IN PART.

FURTHER, that Plaintiffs' Motion for Reconsideration (Docket No. 152) is GRANTED IN PART and DENIED IN PART.

FURTHER, that the Court's prior order (Docket No. 147) is amended consistent with the foregoing analysis.

FURTHER, that Plaintiffs are directed to file their Amended Complaint on or before December 15, 2009.


SO ORDERED.

Dated: November 17, 2009
      Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                       United States District Judge