UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GAIL HINTERBERGER, *et al.*,

                Plaintiffs,

    v.

CATHOLIC HEALTH SYSTEM, INC., *et al.*,

                Defendants.

**DECISION
and
ORDER**

08-CV-00380S(F)

---

APPEARANCES:        THOMAS & SOLOMON LLP
                               Attorneys for Plaintiffs
                               MICHAEL J. LINGLE, and
                               SARAH E. CRESSMAN, of Counsel
                               693 East Avenue
                               Rochester, New York 14607

                               NIXON PEABODY, LLP
                               Attorneys for Defendants
                               MARK ANDREW MOLLOY, of Counsel
                               40 Fountain Plaza
                               Suite 500
                               Buffalo, New York 14202
                                    and
                               AMY L. VENTRY, of Counsel
                               50 Jericho Quadrangle
                               Suite 300
                               Jericho, New York 11753
                                    and
                               TODD R. SHINAMAN, and
                               JOSEPH A. CARDELLO, of Counsel
                               1300 Clinton Square
                               Rochester, New York 14604

## **JURISDICTION**

This case was referred to the undersigned by Honorable William M. Skretny on

January 6, 2010 for all non-dispositive pretrial matters, pursuant to 28 U.S.C. §

636(b)(1)(A). The matter is presently before the court on Defendants' application filed October 11, 2012 (Doc. No. 368), for costs and attorney's fees and costs awarded pursuant to this court's Decision and Order filed July 19, 2012 (Doc. No. 328).

## BACKGROUND and FACTS[1]

Plaintiffs, hourly employees of Defendants, commenced this action on May 22, 2008, alleging violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL") based on Defendants' failure to pay regular hourly or overtime rates for all hours Defendants permitted or required hourly employees to work. Because the alleged uncompensated work results from policies and practices adopted and applied by Defendants to all facilities where Defendants' hourly employees work, Plaintiffs assert both a representative collective action on behalf of all similarly situated employees subject to the FLSA's protection, and a class action pursuant to Fed.R.Civ.P. 23 ("Rule 23"), to enforce the rights of Defendants' hourly employees under the NYLL wage and hours provisions for unpaid work at the employees' regular pay rate or, as applicable, overtime rates.

At the commencement of discovery in the instant action, the parties agreed to conduct discovery of only a sample group of Plaintiffs, rather than seeking discovery from all members of the potential class, agreeing that discovery would be conducted as to all four named Plaintiffs ("named Plaintiffs"), and a sample group of randomly selected Plaintiffs who chose to opt-in to the litigation ("opt-in Plaintiffs") ("sample group"). When less than half of the randomly selected opt-in Plaintiffs responded to

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Defendants' discovery requests, additional opt-in Plaintiffs were randomly selected to "repopulate" the sample group, but sufficient responses still were not received. A statement made by one of Plaintiff's attorneys regarding additional attempts to provide sufficient discovery responses from the opt-in Plaintiffs raised concerns that Plaintiffs may have improperly manipulated the sampling group by withholding discovery responses from those opt-in Plaintiffs whose responses were not favorable to Plaintiffs' claims. Seeking to resolve the issue, Defendants, on January 23, 2012, moved for an order compelling discovery responses from all opt-in Plaintiffs who had been served with Defendants' discovery requests (Doc. No. 293) ("motion to compel"). On February 13, 2012, Plaintiffs cross-moved for a protective order (Doc. No. 297) ("motion for protective order"), arguing there was no basis for dismissing the non-responding opt-in Plaintiffs from this action.

     In a Decision and Order filed July 19, 2012 (Doc. No. 328) ("July 19, 2012 D&O"), the undersigned granted Defendants' motion to compel, ordering Plaintiffs to provide discovery responses from all randomly-selected opt-in Plaintiffs served with discovery requests, and granting Defendants' request for costs, including attorney's fees, incurred in connection with the motion to compel, and denied Plaintiffs' motion for a protective order, July 19, 2012 D&O at 24-25. On August 16, 2012, Plaintiffs moved for reconsideration (Doc. No. 338) ("motion for reconsideration"), arguing the court committed factual error by miscalculating the number of discovery responses received from opt-in Plaintiffs. In a Decision and Order filed October 9, 2012 (Doc. No. 363) ("October 9, 2012 D&O"), the undersigned denied Plaintiffs' motion for reconsideration on the basis that even if the court, based on Plaintiffs' vague explanation as to which

3

opt-in Plaintiffs had provided discovery responses, had incorrectly calculated the number of such responses received, Plaintiffs were, nevertheless, required to provide discovery responses from all 110 opt-in Plaintiffs served, or face dismissal of the non-responding opt-in Plaintiffs from the action.

On October 11, 2012, Defendants filed the Affidavit of Mark A. Molloy, Esq. in Support of Costs and Fees (Doc. No. 368) ("Fee Application"), seeking to recover $ 22,140 in legal fees for Defendants' motion to compel. The Fee Application is supported by a schedule of billing entries, attached as Exhibit A (Doc. No. 368-1) ("Billing Schedule"), specifying the time each attorney spent preparing the motion to compel, and each attorney's hourly rate. On October 19, 2012, Plaintiffs filed Plaintiffs' Response in Opposition to Defendants' Request for Attorneys' Fees (Doc. No. 378) ("Plaintiff's Response"). On October 29, 2012, Defendants filed their Response in Support of Costs and Fees (Doc. No. 382) ("Defendants' Reply"), in which Defendants not only argue in further support of the Fee Application, but also request a further award of costs and fees incurred connection with Plaintiff's motion for reconsideration of the July 12, 2012 D&O, as well as in preparing and defending the Fee Application. Attached as Exhibit A to Defendants' Reply is a Billing Schedule (Doc. No. 382-1) ("Supplemental Billing Schedule"), specifying the hours spent by each attorney, and each attorney's hourly rate, with regard to Plaintiffs' reconsideration motion and the Fee Application. On November 8, 2012, Plaintiffs filed Plaintiffs' Reply in Opposition to Defendants' Request for Attorneys' Fees (Doc. No. 393) ("Plaintiffs' Sur-Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' Fee Application is GRANTED in part and

4

DENIED in part; Plaintiffs are ORDERED to pay $ 17,899.65 in attorney's fees incurred in connection with the motion to compel.

**DISCUSSION**

**1.     Fees Incurred in Connection with Motion to Compel**

Defendants were awarded as a sanction pursuant to Fed.R.Civ.P. 37(a)(5)(A), the costs, including attorney's fees, incurred in connection with preparing and defending the motion to compel.  July 19, 2012 D&O at 22-24.  Defendants initially provided an affidavit detailing the costs, including attorney's fees incurred in connection with the motion to compel, seeking a total of $ 22,140 for legal work performed by four attorneys from the law firm of Nixon Peabody, LLP ("Nixon Peabody") including Mark A. Molloy ("Molloy"), Todd R. Shinaman ("Shinaman"), Stephen J. Jones ("Jones"), and Joseph A. Carello ("Carello").  Fee Application ¶¶ 1-2, 10-13, 16.   Molloy, Shinaman, and Jones are all Nixon Peabody partners, whereas Carello is an associate.  *Id.* ¶¶ 1, 10-12.  The following schedule sets forth these attorneys' standard and claimed, *i.e.*, discounted, hourly billing rates, the hours each attorney worked, and the total fees claimed by each attorney calculated based on the relevant hourly rate:

| **Attorney** | **Hourly Rate** | **Hours** | **Total Fees** |
|---|---|---|---|
| Shinaman | $ 285 | 12.2 | $  3,477 |
| Molloy | 285 | 46.0 | 13,110 |
| Carello | 225 | 22.4 | 5,040 |
| Jones | 285 | 1.8 | 513 |
| **Total:** | | **82.4** | **$ 22,140** |

Defendants explain that the legal work performed for the requested $ 22,140 includes:

(1) evaluating the possibility Plaintiffs may have compromised the integrity of the random sample group based on communications with Plaintiff's' counsel prior to moving to compel; (2) drafting the motion to compel and supporting papers; (3) researching the law for a legal basis supporting dismissal of non-responsive opt-in Plaintiffs; (4) reviewing Plaintiffs' papers opposing the motion to compel and Plaintiffs' cross-motion for a protective order; and (5) drafting reply papers in further support of the motion to compel and papers opposing the motion for a protective order. *Id.* ¶ 8.

In opposing the Fee Application, Plaintiffs do not contest the hourly rate at which Defendants seek reimbursement for each of the attorneys, but challenge the number of hours Defendants claim to have spent in connection with a discovery motion. Plaintiffs' Response at 4. Plaintiffs also maintain further reductions are necessary for duplicative and repetitive work and excessive hours, demonstrated by the fact that four attorneys, including three partners, worked on the motion to compel. *Id.* at 4-8.

In further support of the Fee Application, Defendants assert the hours expended by counsel in connection with the motion to compel are not excessive or unnecessary given the complexity and importance of the issues raised, including the failure of more than 50% of the randomly-selected opt-in Plaintiffs to provide discovery responses, and the inference raised in communications from Plaintiffs' counsel of manipulation of the supposedly randomly-selected opt-in Plaintiffs. Defendants' Reply at 1-3. According to Defendants, because their communications from Plaintiffs prior to making the motion to compel were "opaque," the possible manipulation of the randomly-selected opt-in Plaintiffs did not become apparent until after several communications were exchanged. *Id.* at 3. Defendants advise that the motion to compel sought not only to compel the

6

opt-in Plaintiffs to respond to Defendants' discovery requests, but also the dismissal of the non-responding opt-in Plaintiffs, an issue for which Defendants found little legal precedence despite extensive research. *Id.* at 3-4. Insofar as Plaintiffs maintain it was "inherently inefficient" to have many billable hours attributed to partners at a higher billing rate, rather than to associates at lower hourly rates, Defendants explain that although Shinaman was the primary attorney assigned to this action, with Carello the primary associate assigned, when the circumstances necessitating the motion to compel arose, both Shinaman and Carello were also involved in other matters in this action, including depositions and discovery obligations, requiring assistance by Molloy and Jones. *Id.* at 5 and n. 2. Defendants further advise that because Plaintiffs' opposition to the motion to compel was accompanied by a motion for a protective order, Defendants were then required to respond in opposition to the motion for a protective order. *Id.* at 6. Finally, Defendants request, for the first time, the court also award costs, including attorney's fees of $ 7,035 incurred relative to motion for reconsideration Plaintiffs filed after the original Fee Application was filed. *Id.* at 7-8.

In further opposition to the Fee Application, Plaintiffs argue that an across-the-board reduction should be made to "trim the fat" because Defendants fail to cite any case supporting their fee request as reasonable for the motion to compel that was "insignificant" to this litigation, Plaintiffs' Sur-Reply at 2-3, and further reductions are warranted by the disproportionate ratio of work by partners as compared to associates. *Id.* at 3- Plaintiffs' Sur-Reply at 3-4. Plaintiffs further argue the supplemental request for an additional $ 7,035 should be denied because the July 19, 2012 D&O did not contemplate nor award such fees. *Id.* at 4-6.

7

The form in which Defendants' Fee Application presents the fees Defendants seek establishes the fees were calculated according to the "lodestar method," multiplying the number of hours each attorney worked on the motion to compel by each attorney's hourly rate, then adding the amounts calculated for each attorney to calculate the total attorney's fee award sought. The Second Circuit Court of Appeals has not opined as to how to calculate attorney's fees awarded as a sanction pursuant to Rule 37, yet has discussed an award of attorney's fees as a sanction for a violation of Fed.R.Civ.P. 11 ("Rule 11"). *See*, *e.g.*, *Eastway Construction Corp. v. City of New York*, 821 F.2d 121, 122 (2d Cir.) (reviewing district court's award of attorney's fees as Rule 11 sanctions), *cert. denied*, 484 U.S. 918 (1987). In determining a fee award, courts traditionally have utilized the lodestar approach, multiplying a reasonable number of hours required by the procedure by the attorneys' reasonable hourly rate. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 167 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hour required by the case – creates a 'presumptively reasonable fee.'" (citing *Perdue v. Kenny A.,* 559 U.S. 542, __, 130 S.Ct. 1662, 1672 (2010), and *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))). The Court has further explained there is a "strong presumption" that the lodestar figure is reasonable, but that such presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 130 S.Ct. at 1673. The court thus first applies the lodestar method to determine the amount of attorney's fees to award before adjusting, if necessary, the

resulting lodestar figure to reflect consideration of any special circumstances.

In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed. *Healey v. Leavitt*, 485 F.2d 63, 69 (2d Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, Plaintiffs do not challenge the hourly rates claimed by Defendants' attorneys but, rather, challenge only the number of hours Defendants attorneys claim to have spent working on the motion to compel.

The "lodestar" calculation should exclude fees for work that is "excessive, redundant or otherwise unnecessary," as well as hours dedicated to severable unsuccessful claims. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35). Courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request. *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted); *see Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (reducing by 15 % the total hours requested).

Defendants seek reimbursement for a total of 82.4 hours expended by four attorneys who worked on the motion to compel. Fee Application ¶¶ 10-13. Entries for each attorney's work on the motion to compel are set forth in the Billing Schedule (Defendants' Exh. A) ("Billing Narratives"). The Billing Schedule's entries are consistent with the Fee Application, with the entries totaling 82.4 hours. *Id.*

Not only do Plaintiffs raise a general challenge to the Fee Application as seeking

resulting lodestar figure to reflect consideration of any special circumstances.

In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed. *Healey v. Leavitt*, 485 F.2d 63, 69 (2d Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, Plaintiffs do not challenge the hourly rates claimed by Defendants' attorneys but, rather, challenge only the number of hours Defendants attorneys claim to have spent working on the motion to compel.

The "lodestar" calculation should exclude fees for work that is "excessive, redundant or otherwise unnecessary," as well as hours dedicated to severable unsuccessful claims. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35). Courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request. *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted); *see Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (reducing by 15 % the total hours requested).

Defendants seek reimbursement for a total of 82.4 hours expended by four attorneys who worked on the motion to compel. Fee Application ¶¶ 10-13. Entries for each attorney's work on the motion to compel are set forth in the Billing Schedule (Defendants' Exh. A) ("Billing Narratives"). The Billing Schedule's entries are consistent with the Fee Application, with the entries totaling 82.4 hours. *Id.*

Not only do Plaintiffs raise a general challenge to the Fee Application as seeking

attorney's fees for work that was excessive, redundant or unnecessary, Plaintiffs also identify several entries they maintain are redundant or unnecessary, including entries establishing three partners performed work revising and editing Defendants' papers supporting the motion to compel, Plaintiffs' Response at 5 (referencing billing entries for Shinaman dated 1/23/12, 1/23/12,[2] and 2/22/12; Molloy dated 1/23/12, and 1/23/13; and Jones dated 2/15/12), and all four attorneys spend time on "strategy" pertaining to the motion. *Id.* (referencing billing entries for Shinaman dated 1/5/12, 1/9/12, 1/11/12, and 2/16/12; Molloy dated 1/5/12, and 1/10/12; Jones dated 1/17/12; and Carello dated 2/17/12). Plaintiffs also challenge as unnecessary the 1.8 total hours spent by Jones who has not appeared in this action. *Id.*

Here, the court finds the Billing Entries are largely reasonable given the complexity of the issues raised in the motion to compel, including the paucity of caselaw addressing similar issues where a substantial percentage of opt-in plaintiffs randomly chosen to participate in discovery fail to respond to discovery requests, the novel claim that statements by Plaintiffs' counsel made in communications regarding the low rate of discovery responses received from the sample group could be indicative of some improper manipulation of what was supposed to be a group of randomly-selected opt-in Plaintiffs, and the request that the non-responding opt-in Plaintiffs be dismissed from the action, as well as Defendants' need to respond in opposition to Plaintiffs' cross-motion for a protective order. Furthermore, insofar as Plaintiffs argue that a disproportionate amount of time was spent by three partners as compared to the sole

---

[2] The appearance of the same date twice is attributed to the fact there was more than one billing entry for the attorney on that date.

associate, careful analysis of the Billing Schedule establishes more than half the total hours, 46, were expended by Molloy, who was primarily responsible for drafting the motion to compel and the papers opposing Plaintiffs' cross-motion for a protective order, with Carello second at 22.4 hours. Further, Plaintiffs do not challenge Defendants' explanation that when the motion to compel was being drafted and defended, Carello was not always available having been assigned to work on other tasks, including preparing for and taking depositions for this action.

Nevertheless, it is not clear that the billing entries for Jones, who has not appeared in this action, were necessary and, as such, his fee of $ 513 will not be allowed. Given that Molloy, a partner, spent 46 hours preparing and defending the motion to compel, half of the billing entries for Shinaman, also a partner, indicate such work was unnecessary and duplicative of Molloy's time, especially the entries for developing strategy and reviewing Plaintiff's cross-motion for a protective order, *e.g.*, February 14, 2012 Billing Entry for Shinaman (duplicative of February 14, 2012 Billing Entry for Molloy). *See Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2011 WL 242109, at * 5 (W.D.N.Y. June 13, 2011 (reducing by 50% hours claimed by attorney that were duplicative of another attorney's work). Accordingly, Shinaman's hours will be reduced by 50% from 12. 2 hours to 6.1 hours. The court also finds an additional 10% across-the-board percentage deduction is appropriate to "trim the fat."

As such, Defendants are awarded $ 17,899.65 in attorney's fees incurred in connection with the motion to compel, calculated as follows:

| | |
|---|---:|
| Fees requested | $ 22,140.00 |
| less fees claimed for work performed by Jones | 513.00 |
| yields | 21,627.00 |
| less 50% of Shinaman's fees | 1,738.50 |
| yields | 19,888.50 |
| less 10% to "trim the fat" | 1,988.85 |
| yields | 17,899.65 |

Defendants' Fee Application, seeking $ 22,140 in fees for work on Defendants' motion to compel is GRANTED in part and DENIED in part; Defendants are awarded $17,899.65.

### 2. Fees Defending Motion for Reconsideration and Preparing Fee Application

Although Defendants delayed filing the Fee Application until after the motion for reconsideration was resolved by the October 9, 2012 D&O, Defendants, for the first time, made a request for additional attorney fees incurred in connection with defending the motion for reconsideration, as well as preparing and defending the fee application. Defendants' Reply at 7-8 and Exh. A (Supplemental Billing Schedule). Plaintiffs' oppose this request as neither authorized nor contemplated by the July 19, 2012 D&O. Plaintiffs' Sur-Reply at 1.

Although a party awarded attorney's fees generally is also entitled to compensation "for time reasonably spent in preparing and defending" the fee application, *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999), in the instant case, Defendants' request for such fees was first raised in Defendants' Reply and, as such, may be disregarded. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (district court has discretion to consider argument first raised in reply papers (citing *Bayway Refining Co. v. Oxygenated Marketing. & Trading A.G.*, 215 F.3d 219,

226 (2d Cir. 2000) (reviewing for abuse of discretion district court's decision to consider evidence first submitted with moving party's reply papers))). Nor did Defendants include in the initial Fee Application their request for attorney's fees incurred defending the motion for reconsideration. Defendants' assertion that they were requesting "fees and costs incurred relative to the Motion to Compel subsequent to the submission of the original request for fees," Defendants' Reply at 7, is flatly without basis given that the initial Fee Application was not filed until October 11, 2012, two days after the October 9, 2012 D&O denying Plaintiffs' motion for reconsideration, yet Defendants fail to explain why they were unable to include such costs in their initial Fee Application. Nor does the plain language of Rule 37 imply that fees may be awarded for defending a motion for reconsideration of an order awarding attorney fees in connection with a motion to compel. See Fed.R.Civ.P. 37 (c)(1) (referring only to *motion* to compel disclosure, and providing for court to order payment of reasonable expenses, including attorney's fees, caused by the failure, but silent as to additional fees incurred in responding to motion for reconsideration of such award). Accordingly, Defendants' request for an award of attorney's fees incurred defending the motion for reconsideration and preparing and defending the Fee Application is DENIED.

## **CONCLUSION**

Defendants' Fee Application is GRANTED in part and DENIED in part; Defendants are awarded in connection with their Accelerated Motion to Compel **$ 17,899.65** in attorney's fees; Defendants' belated request for attorney's fees in connection with Plaintiff's motion for reconsideration, as well as incurred preparing and defending the Fee Application is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2013
       Buffalo, New York