UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GAIL HINTERBERGER, *et al.,*

                 Plaintiffs,

       v.

CATHOLIC HEALTH SYSTEM, INC., *et al.,*

                 Defendants.

_____

**DECISION**
**and**
**ORDER**

**08-CV-380S(F)**

APPEARANCES:       THOMAS & SOLOMON, LLP
                              Attorneys for Plaintiffs
                              MICHAEL J. LINGLE,
                              SARAH E. CRESSMAN, of Counsel
                              693 East Avenue
                              Rochester, New York   14607

                              NIXON PEABODY, LLP
                              Attorneys for Defendants
                              MARK A. MOLLOY,
                              TODD R. SHINAMAN,
                              JOSEPH A. CARELLO, of Counsel
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York    14202

## JURISDICTION

By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 243), this matter was referred to the undersigned for all non-dispositive pretrial matters pursuant 28 U.S.C. § 636(b)(1)(A).  The matter is presently before the court on Plaintiffs' motion, filed October 5, 2012, to compel Defendants to meet and confer with respect to establishing an agreed protocol for implementing the use of predictive coding software; alternatively, Plaintiffs request the court to adopt and impose such protocol (Doc. No. 360).

**BACKGROUND**

Plaintiffs' motion requests an order compelling Defendants "to engage in meaningful meet and confer discussions regarding an ESI protocol with both parties' respective ESI experts/consultants; and an order that if the parties are unable to agree upon an ESI protocol by a deadline set by the court, that each side submit its own proposed ESI protocol to the court for a ruling as to which protocol should be adopted in this case." (Doc. No. 360) ("Plaintiffs' motion"). In support, Plaintiffs filed a Memorandum Of Law In Support of Plaintiffs' Motion To Compel (Doc. No. 360-1) ("Plaintiffs' Memorandum") along with an Affirmation of Sarah E. Cressman (Doc. No. 361) ("Cressman Affirmation") attaching Exhibits A - E ("Cressman Affirmation Exh(s). ___"). Defendants opposed Plaintiffs' motion by filing on October 16, 2012 a Memorandum Of Law In Opposition To Motion To Compel ESI Meet And Confer (Doc. No. 369) ("Defendants' Memorandum") and an Attorney Declaration In Opposition To Motion To Compel Meet And Confer (Doc. No. 369-1) ("Declaration of Todd R. Shinaman" or "Shinaman Declaration"). On October 19, 2012, Plaintiffs filed a Reply Memorandum Of Law In Further Support Of Plaintiffs' Motion To Compel (Doc. No. 379) ("Plaintiffs' Reply Memorandum"). Oral argument was deemed unnecessary. Based on the following, Plaintiff's motion should be DISMISSED without prejudice.

**FACTS**[1]

For well-over a year, the parties have attempted, without success, to agree on

---

[1] Taken from the pleadings and papers filed in connection with Plaintiffs' motion.

how to achieve a cost-effective review of Defendants' voluminous e-mails using a key-word search methodology.  At the last of a series of ESI discovery status conferences with the court, conducted June 27, 2012 (Doc. No. 361) ("the June 27, 2012 conference"), the court expressed dissatisfaction with the parties' lack of progress toward resolving issues related to completion of reviewing and production of Defendants' e-mails using the key-word search method, and pointed to the availability of predictive coding, a computer assisted ESI review and production method, directing the parties' attention to the recent decision of Magistrate Judge Andrew Peck in *Moore v. Publicis Groupe & MSL Group,* 287 F.R.D. 182 (S.D.N.Y. 2012), approving use of predictive coding in a case involving over 3 million e-mails.  At the June 27, 2012 conference, the parties were requested to submit a joint or individual protocols for a key-word search methodology, which the parties had been attempting, albeit unsuccessfully, to implement by August 14, 2012.  Cressman Affirmation ¶ 3; Cressman Affirmation Exh. A at 3 (E-mail from Todd R. Shinaman to Sarah E. Cressman August 31, 2012) ("August 31, 2012 e-mail").  Thereafter, by Decision and Order, filed July 20, 2012 (Doc. No. 329) ("July 20, 2012 D&O), the court directed completion of ESI discovery by October 23, 2012, and completion of non-ESI discovery by January 23, 2013.  July 20, 2012 D&O at 5.  On August 31, 2012, Defendants informed Plaintiffs they would abandon use of the key-word search method, commence use of predictive coding, and requested Plaintiffs confer with respect to "identification of [Defendants'] custodians for purposes of the search."  August 31, 2012 e-mail.  Approximately two hours prior to a scheduled conference call among the parties on September 13, 2012, Defendants informed Plaintiffs that Defendants objected to Plaintiffs' use of Plaintiffs' ESI consultants and

would refuse to confer on implementation of predictive coding with Plaintiffs' ESI

consultants.  Cressman Affirmation ¶ 4; Cressman Affirmation Exh. B at 1 (September

13, 2012 e-mail from Todd R. Shinaman to Sarah E. Cressman).  Plaintiffs' attorneys

complied with Defendants' request, but the conference did not result in a protocol for

Defendants' use of predictive coding.  Cressman Affirmation ¶ ¶ 5-6.  Following

Defendants' motion to disqualify Plaintiffs' ESI consultant, filed October 2, 2012 (Doc.

No. 351), Defendants provided Plaintiffs with a proposed ESI protocol for predictive

coding.  Cressman Affirmation ¶ 8; Cressman Affirmation Exh. D.  Plaintiffs objected to

Defendants' proposed protocol by letter dated October 4, 2012 in which Plaintiffs noted

several technical issues which should be discussed with the assistance of Plaintiffs' ESI

consultants and cooperatively resolved by the parties before any efforts by Defendants

to implement predictive coding of Defendants' e-mails were initiated.  Cressman

Affirmation ¶ ¶ 11-13; Cressman Affirmation Exh. E.


**DISCUSSION**

Plaintiffs contend that where a party intended to use predictive coding to assist in

the review and production of ESI,[2] it is necessary that the parties negotiate a protocol to

---

[2]  E-Discovery is the "process of identifying, preserving, collecting, preparing, and producing
electronically stored information ('ESI') in the context of the legal process."  The Sedona Conference
Glossary E-Discovery & Digital Information Management (Third Edition) ("Sedona Conference Glossary")
at 18.  *See also* Maura R. Grossman and Gordon V. Cormack, *The Grossman-Cormack Glossary of
Technology-Assisted Review*, Vol. 7 FEDERAL COURTS LAW REVIEW 1, 15 (2013) (E-Discovery is the
"process of identifying, preserving, collecting, processing, searching, reviewing, and producing
Electronically Stored Information that may be relevant to a civil, criminal, or regulatory matter.") ("The
Grossman-Cormack Glossary").  ESI includes electronic mail, or e-mail messages, word processing files,
web pages, and databases created and stored on computers, magnetic disks (such as computer hard
drives, optical disks (such as DVDs and CDs, and flash memory (such as "thumb" or "flash" drives) and
"cloud" based services hosted by third parties via the internet)).  MANAGING DISCOVERY OF ELECTRONIC
INFORMATION : A POCKET GUIDE FOR JUDGES, Second Edition, Federal Judicial Center (2012) at 2.

guide the use of predictive software for the case.  Plaintiffs' Memorandum at 1-2 (citing

*Moore v. Publicis Groups & MSL Group*, 287 F.R.D. 182, 185 (Peck, M.J.) (where use of

predictive coding is challenged court may require requesting party obtain documents —

seed set documents – that were used by the producing party to "train" the computer-

assisted coding system)).  Plaintiffs maintain that Defendants' protocol does not provide

Plaintiffs with any details regarding such documents as required by *Moore*.  Plaintiffs'

Memorandum at 2 (citing *Moore*, 287 F.R.D. at 192 (approving agreement to provide

seed-set documents to plaintiff's counsel)).  In *Moore*, the court noted that "[e]lectronic

discovery requires cooperation between opposing counsel and transparency in all

aspects of preservation and production of ESI."  *Moore*, 287 F.R.D. at 191 (quoting

*William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.,* 256 F.R.D. 134, 136

(S.D.N.Y. 2009) (Peck, M.J.)).  Plaintiffs argue that Defendants' refusal to discuss with

Plaintiffs Defendants' protocol with the assistance of Plaintiffs' ESI consultants has

impeded establishing an agreed protocol and completion of ESI discovery using

predictive coding in this case.  Plaintiffs' Memorandum at 2-3.

Defendants argue in opposition that as Defendants have not attempted to produce

the requested ESI at issue using predictive coding under Defendants' protocol, Plaintiffs'

motion is premature.  Defendants' Memorandum at 3.  Defendants further argue that

contrary to Plaintiffs' contention, *Moore* does not require Plaintiffs be given access to

Defendants' seed-set documents at this time.  *Id.* at 5 (citing *Moore*, 287 F.R.D. at 192;

*Romero v. Allstate Ins. Co.,* 271 F.R.D. 96, 110 (E.D. Pa. 2010) (parties expected to

voluntarily share information in order to effectively implement search methodology for

defendant's ESI)).  Defendants point to several considerations that warrant the exercise

of caution in directing production of ESI.  Defendants' Memorandum at 3 (quoting the

Sedona Conference Cooperation Proclamation: Resources for the Judiciary, 20-21

(August 2011) (https://thesedonaconference.org/download-pub/425).    Defendants are

willing to discuss ESI issues with Plaintiffs ESI consultants provided such consultants

were not disqualified from doing so based on prior services to Defendants.[3]  Defendants'

Memorandum at 6-7.

In response, Plaintiffs do not directly contest Defendants' reading of the specific

holding in *Moore* regarding the absence of any requirement by that court that the parties

meet and confer regarding the producing party's selection of a "seed set of documents."

*But see William A. Gross Const. Assoc.,* 256 F.R.D. at 136 (requiring counsel for parties

to cooperate in selecting appropriate key-words to facilitate computerized search for

relevant e-mails). Plaintiffs also point to Local Rule of Civil Procedure 26(f)(3) which, in

cases involving ESI discovery, requires the parties "discuss and attempt to reach

agreement as to the method of searching."  Plaintiffs' Reply Memorandum at 2 (quoting

Local R.Civ.P. 26(f)(3)).  Plaintiffs request that, in the event the court does not grant

Plaintiffs' motion, Defendants be reminded of the possibility that upon Plaintiffs' further

motion, the court may find Defendants' ESI search methodology to be unreasonable and

thus non-compliant with Defendants' production obligations in accordance with

Fed.R.Civ.P. 34.  Plaintiffs' Reply Memorandum at 4-5.  *See William A. Gross Const.*

*Assoc.*, 256 F.R.D. at 136 ("the proposed methodology must be quality control tested to

ensure accuracy").  Finally, Plaintiffs maintain that given the court-imposed ESI discovery

---

[3] Defendants' motion to disqualify is directed to D4, LLC, a Rochester, New York company that provides E-Discovery and ESI services.

deadline of October 23, 2012, Plaintiffs were required to preserve Plaintiffs' objection to Defendants' expected ESI methodology by filing the instant motion. *Id.*

Here, Defendants indicate they are prepared to meet and confer with Plaintiffs and Plaintiffs' ESI consultants, who are not disqualified, regarding Defendants' ESI production using predictive coding. Shinaman Declaration ¶ 16; Defendants' Memorandum at 6. Based on Defendants' expressed awareness of Defendants' discovery obligations, Shinaman Declaration ¶ 17 ("Defendants . . . will fulfill their obligations to comply with [Plaintiffs'} document requests") the court also need not, as Plaintiffs' request, remind Defendants of relevant considerations regarding Defendants' use of predictive coding regarding ESI document production obligations under Fed.R.Civ.P. 34(a). Accordingly, it is not necessary for the court to further address the merits of Plaintiffs' motion at this time.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. No. 360) is DISMISSED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2013
        Buffalo, New York