```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GAIL HINTERBERGER, et al.,                      REPORT
                                                  and
                           Plaintiffs,       RECOMMENDATION
         v.                                  ---------------------------
                                                DECISION
                                                   and
CATHOLIC HEALTH SYSTEM, INC., et al.,            ORDER

                           Defendants.         08-CV-380S(F)
_____

APPEARANCES:      THOMAS & SOLOMON, LLP
                  Attorneys for Plaintiffs
                  MICHAEL J. LINGLE,
                  SARAH E. CRESSMAN, of Counsel
                  693 East Avenue
                  Rochester, New York  14607

                  NIXON PEABODY, LLP
                  Attorneys for Defendants
                  MARK A. MOLLOY,
                  TODD R. SHINAMAN,
                  JOSEPH A. CARELLO, of Counsel
                  40 Fountain Plaza, Suite 500
                  Buffalo, New York  14202
```

## JURISDICTION

By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 243), this matter was referred to the undersigned for all non-dispositive pretrial matters pursuant 28 U.S.C. § 636(b)(1)(A). The matter is presently before the court on Defendants' Renewed Motion To Dismiss Non-Responsive Opt-In Plaintiffs pursuant to Rule 37, filed November 9, 2012 (Doc. No. 394) and a motion by Plaintiffs' counsel, filed November 26, 2012 (Doc. No. 396), requesting permission to withdraw pursuant to Local R.Civ.P. 83.2(d)(1). By order dated April 4, 2013, Chief Judge Skretny referred Defendants'

Renewed Motion to Dismiss Non-Responsive Opt-In Plaintiffs to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

**BACKGROUND**

This is an action for unpaid wages and overtime pay brought under the Fair Labor Standards Act ("FLSA") and New York State Labor Law on behalf of Defendants' hourly employees, particularly nurses, other heath care staff, clerical, and maintenance workers. Plaintiffs' FLSA claims have been conditionally certified; Plaintiffs' request for class certification of Plaintiffs' state law wage claims is pending.

In support of Defendants' motion, Defendants filed a Declaration In Support Of Motion To Dismiss Non-Responsive Opt-In Plaintiffs, filed November 9, 2012 (Doc. No. 394-1) ("Molloy Declaration") along with exhibits A - C (Doc. No. 394-2, 394-3, 394-4) ("Molloy Declaration Exh(s). ___").[2] In opposition, Plaintiffs filed, on November 26, 2012, the Affirmation Of Sarah E. Cressman In Opposition To Defendants' Renewed Motion To Dismiss The FLSA Claims Of Certain Opt-In Plaintiffs (Doc. No. 399) ("Cressman Affirmation") together with exhibit A (Doc. No. 399-1) ("Cressman Affirmation Exh. A"). On December 6, 2012, Defendants filed a Reply In Support Of Renewed Motion To Dismiss Non-Responsive Opt-In Plaintiffs (Doc. No. 409) ("Molloy Reply Declaration").

---

[1] Because Defendants' motion to dismiss for failure to comply with court ordered discovery and Plaintiffs' counsel's motion to withdraw are interrelated, they are addressed in this combined Report and Recommendation and Decision and Order.

[2] Defendants also rely on Defendants' Memorandum of Law filed January 23, 2012 (Doc. No. 294) in support of Defendants' motion to compel or dismiss Plaintiffs' claim (Doc. No. 293).

As noted, on November 26, 2012, Plaintiffs' counsel filed a Motion to Withdraw As Counsel for certain individuals, a list of whom is attached as Exhibit A to the Affirmation of Sarah E. Cressman (Doc. No. 396) ("Plaintiffs' counsel's motion"), a Memorandum of Law In Support Of Plaintiffs' Counsel's Motion To Withdraw As Counsel For Unresponsive Opt-In Plaintiffs (Doc. No. 396-1) ("Plaintiffs' Counsel's Memorandum") and the Affirmation of Sarah E. Cressman (Doc. No. 396-2) ("Cressman Affirmation In Support of Motion To Withdraw") attaching exhibits A and B (Doc. Nos. 396-3 and 396-4) ("Cressman Affirmation Exh(s). ___").  On December 12, 2012, Defendants filed an Attorney Declaration In Opposition To Plaintiffs' [*sic*] Motion To Withdraw As Counsel For Certain Plaintiffs (Doc. No. 412) ("Shinaman Declaration").  Oral argument was deemed unnecessary.  Based on the following, Defendants' motion should be GRANTED in part, and DENIED in part; Plaintiffs' motion is DISMISSED as moot.

## FACTS[3]

Defendants' First Set of Interrogatories and Amended First Request for Production of Documents was served November 2, 2010.  In order to facilitate the numerous opt-in Plaintiffs, the parties agreed to serve such requests upon a sample group of 50 randomly selected opt-in Plaintiffs in accordance with a Discovery Stipulation agreed to by the parties in August 2011.  Because only 20 of this initial sample group provided responses, a second sample group of 60 randomly selected opt-

---

[3] Taken from the pleadings and papers filed in connection with Defendants' and Plaintiffs' counsel's motion.

in Plaintiffs was designated by Plaintiffs' counsel and served with Defendants' discovery requests. On November 30, 2011, Plaintiffs served Defendants with responses from 26 of the second sample group. As a result of the failure of all 110 opt-in Plaintiffs, designated by Plaintiffs as the sample group from which to obtain discovery to respond to Defendants' discovery requests, Defendants moved to compel such responses or to dismiss by motion filed January 23, 2012 (Doc. No. 293). On July 19, 2012, the court granted Defendants' motion to compel and denied Defendants' motion to dismiss, and directed the unresponsive Plaintiffs to provide responses to Defendants' discovery requests within 30 days, with leave to Defendants to seek dismissal should the unresponsive opt-in Plaintiffs fail to comply with the court's order. *HInterberger v. Catholic Health Systems, Inc.*, 08-CV-380S(F), Decision and Order, July 19, 2012 (Doc. No. 328) ("July 19, 2012 D&O") at 24-25. Alleging the unresponsive opt-in Plaintiffs who were subject to the July 19, 2012 D&O had then failed to provide the requested discovery in compliance with the court's order, Molloy Declaration ¶ ¶ 8-9, Defendants served, on November 19, 2012 (Doc. No. 394), a motion to dismiss such non-compliant opt-in Plaintiffs pursuant to Fed.R.Civ.P. 37. More specifically, Defendants assert that the 61 named opt-in Plaintiffs as listed in the Molloy Declaration Exh. A, should have both their FLSA and state law claims dismissed with prejudice based on their failure to comply with the court's July 19, 2012 D&O. Molloy Declaration ¶ ¶ 15-16 ("all of [Plaintiffs'] putative claims in the action, and not just [Plaintiffs'] FLSA claims, should be dismissed entirely, with prejudice"). Defendants also requested the court award Defendants' expenses, including attorneys fees, incurred in connection with Defendants' motion pursuant to Fed.R.Civ.P. 37(a)(5)(A). Molloy Declaration ¶ ¶ 20-21; Molly

4

Declaration ¶ 30 (requesting expenses pursuant to Fed.R.Civ.P. 37(b)(2)(C).

Plaintiffs do not contest Defendants' request for dismissal of the 27 opt-in Plaintiffs who have failed to provide discovery in compliance with the July 19, 2012 D&O, Cressman Affirmation ¶ 13; rather, Plaintiffs' counsel states that the failure of these opt-in Plaintiffs to communicate with counsel necessitated Plaintiffs' counsel's motion to withdraw. *Id.* Plaintiffs' counsel also objects to Defendants' motion insofar as it seeks dismissal of the state, as well as the FLSA, claims of the non-responsive opt-in Plaintiffs. Cressman Affirmation ¶ ¶ 6-8. Plaintiffs further represent that 24 of the non-responsive opt-in Plaintiffs wish to discontinue their respective FLSA claims, but that Defendants insisted on execution of a Stipulation of Discontinuance of these Plaintiffs' FLSA claims as well as their state claims, and, as such, because these Plaintiffs refused to execute such a stipulation, no stipulation of discontinuance for these 24 opt-in Plaintiffs was filed. The names of these opt-in Plaintiffs, Cressman Affirmation ¶ 4, as well as the 27 other opt-in Plaintiffs, are listed in Cressman Affirmation Exh. A at 3. Plaintiffs' counsel also states that Defendants seek to dismiss Joanne Gajewski one opt-in Plaintiff, Cressman Affirmation Exh. A at 3, as deceased and unable to respond to Defendants' discovery requests, Cressman Affirmation ¶ 11, and that Plaintiffs' counsel "anticipated" seeking substitution for this deceased person pursuant to Fed.R.Civ.P. 25. *Id.* Plaintiffs' counsel further avers that nine opt-in Plaintiffs have, as of the date of the Cressman Affirmation, November 26, 2012 (Doc. No. 399), after being "notified" of Defendants' motion, indicated to Plaintiffs' counsel an "intention" to provide the discovery responses ordered by the court, and that as Plaintiffs' counsel "anticipates that responses from these individuals will be forthcoming," Cressman Affirmation ¶ 12; Cressman Affirmation Exh.

A at 2-3 (listing names), dismissal as to these opt-in Plaintiffs should be denied.

In support of Plaintiffs' counsel's motion to withdraw, Plaintiffs' counsel attempted to communicate with the unresponsive opt-in Plaintiffs, unsuccessfully, in an attempt to obtain responses to Defendants' discovery requests over a two-year period, and in some instances contact occurred "up to twenty times." Cressman Affirmation In Support of Motion To Withdraw ¶ 6. Despite counsel's repeated attempts to obtain the cooperation of these opt-in Plaintiffs, including Plaintiffs' counsel's letter of November 19, 2012 advising that absent an immediate response from the unresponsive opt-in Plaintiffs, counsel would seek to withdraw, no responses were received. *Id.* ¶ ¶ 6-10. The names of the 27 unresponsive opt-in Plaintiffs as to whom Plaintiffs' counsel seeks to withdraw are listed in Cressman Affirmation Exh. A.

## DISCUSSION

Defendants seek to dismiss with prejudice the 61 unresponsive opt-in Plaintiffs. Molloy Declaration ¶ 12; Molloy Reply Declaration ¶ 5 (Defendants' request to dismiss "all opt-in plaintiffs who have not responded to [Defendants'] discovery demands").[4] Specifically, Defendants' motion seeks dismissal as a sanction based on the refusal of opt-in Plaintiffs who have failed to comply with the July 19, 2012 D&O granting

---

[4] In support of Plaintiffs' counsel's motion, Plaintiffs' counsel asserts that counsel does not consent to Defendants' motion and that counsel cannot "represent such individuals with respect to any such request." Plaintiffs' Counsel's Memorandum at 4 n.1 (ambiguously referencing the remaining Plaintiffs). Assuming this assertion was intended to refer to the unresponsive opt-in Plaintiffs, such assertion is contrary to the record and unsupported by any reference to relevant authority. Counsel failed to seek to withdraw prior to Defendants' motion and, in fact, opposed Defendants' motion. *See* Cressman Affirmation ¶ 2 (Cressman Affirmation is submitted "in opposition to defendant's renewed motion to dismiss the FLSA claims of certain opt-in plaintiffs.") (Doc. No. 399). Counsel's assertion that for the purpose of Defendants' motion they no longer represent the unresponsive opt-in Plaintiffs with regard to Defendants' motion is therefore rejected.

6

Defendants' prior motion to compel responses to Defendants' First Set of Interrogatories and Amended First Request for Production of Documents. "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only where a court finds 'wilfulness, bad faith, or any fault'" by the non-compliant party. *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990)). In assessing whether dismissal of an action to sanction non-compliance with a discovery order is warranted, courts consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (internal quotation marks and citation omitted).

Here, the July 19, 2012 D&O granted Defendants' motion to compel as to all 110 opt-in Plaintiffs who comprised both sample groups, denied Defendants' request for dismissal because the court determined these opt-in Plaintiffs had not received adequate notice of the possibility their claims could be dismissed for failure to respond to Defendants' discovery requests, and directed responses be provided within 30 days. July 19, 2012 D&O at 24-25. Defendants now maintain 61 opt-in Plaintiffs have failed to comply with the court's direction and are therefore subject to dismissal. Molloy Declaration Exh. A (identifying 61 unresponsive opt-in Plaintiffs). Plaintiffs' counsel does not directly contradict Defendants' statement of the identity of the 61 non-responsive opt-in Plaintiffs Defendants seek to dismiss; rather, Plaintiffs assert that two members of this group of opt-in Plaintiffs, Lorie Caruana and Norah Crawford, had previously indicated a desire to stipulate to a dismissal of their FLSA claims, but that Defendants

7

wrongly insisted that such dismissal cover these Plaintiffs' state claims as well. Cressman Affirmation ¶ ¶ 4-8. However, it is apparent from the record that regardless of their asserted intent to withdraw their respective FLSA claims, these two opt-in Plaintiffs did respond to Defendants' discovery requests. *See* July 19, 2012 D&O at 6 n. 2 (noting that Caruana had provided discovery and that Crawford and Caruana be allowed to stipulate to a dismissal of their FLSA claims); Molloy Declaration Exh. A at 2 (noting that both opt-ins, Caruana and Crawford, "opted out <u>after initially serving responses</u>") (underlining added). Thus, neither Caruana nor Crawford are properly included in the list of 61 non-responsive opt-in Plaintiffs based on an alleged failure to comply with the court's order. Accordingly, neither should be dismissed pursuant to Fed.R.Civ.P. 37(b)(2)(A).

As to the 22 unresponsive opt-in Plaintiffs whom Plaintiffs' counsel contends should not be subject to dismissal for the alleged reasons that they consent to withdrawal of their respective FLSA claims but not their state claims, and that as to 12 of this group of opt-in Plaintiffs Plaintiff's counsel expected to file withdrawal forms, Cressman Affirmation ¶ ¶ 9-10, the court's review of the docket indicates no withdrawals have been filed as to these 22 opt-in Plaintiffs. Accordingly, because Plaintiffs' counsel does not dispute the FLSA claims of this group of 12 opt-in Plaintiffs are subject to dismissal for failure to comply with the court's order, these opt-in Plaintiffs remain subject to Defendants' motion. The court does not, therefore, further address the dispute between the parties over whether any stipulation of the contemplated dismissal should cover both the FLSA and state law claims of these individuals. The court notes, however, that Defendants' motion to compel was directed only to Plaintiffs' FLSA claims

(Doc. No. 293 at 1 (Defendant Catholic Health System requests "an order compelling discovery responses from plaintiffs, and/or to dismiss with prejudice the FLSA claims of those opt-in plaintiffs who have failed to cooperate in discovery" (underlining added)); Declaration of Todd Shinaman (Doc. No. 293-1 ¶ 95) (stating that Defendants seek an order to dismiss with prejudice directed to unresponsive opt-in Plaintiffs' FLSA claims). *See also* Shinaman Declaration ¶ 3 (Doc. No. 412) (describing the July 19, 2012 D&O as directing unresponsive opt-in Plaintiffs to provide discovery within 30 days "to avoid dismissal of their FLSA claims should defendants choose to renew the motion to dismiss") (underlining added).

Thus, as Defendants' underlying motion to compel or dismiss, which is the basis of the July 19, 2012 D&O, as well as the July 19, 2012 D&O itself, are directed only to the unresponsive opt-in Plaintiffs' FLSA claims, it follows that non-compliance of such Plaintiffs with the court's order can only support dismissal upon Defendants' instant motion of such opt-in Plaintiffs' FLSA claims and not, as Defendants contend, the state law claims of these opt-in Plaintiffs. In any event, given that the class action certification has not yet been granted, Defendants' discovery requests could not have been directed to such claims. Simply, because Defendants' motion cannot reach Plaintiffs' state claims because class action has not been granted, Defendants' motion to compel was not directed to such claims. Further, the unresponsive opt-in Plaintiffs had no notice Defendants sought dismissal of both the FLSA and state claims, and, thus, Defendants' request that the non-responsive opt-in Plaintiffs, as opposed to the FLSA claims, be dismissed is without foundation.

Additionally, the record demonstrates that 57 of the unresponsive opt-in Plaintiffs

9

have failed to cooperate with Plaintiffs' counsel in attempting to provide discovery responsive to Defendants' requests for over two years. The unexcused failure of such opt-in Plaintiffs to cooperate with counsel and comply with an unambiguous direction of the court over such a lengthy period amply supports a finding that such non-compliance is wilful, or otherwise unexcused, and thus results from the fault of these Plaintiffs. *See Agiwal*, 555 F.3d at 302 (quoting *Bobal*, 916 F.3d at 764). Plaintiffs do not contend otherwise.

As to the efficacy of lesser sanctions to obtain compliance, it is apparent from the record that such lesser sanctions such as adverse inferences or deemed admissions pursuant to Rule 37(b)(2)(A)(i) would be futile. The unresponsive opt-in Plaintiffs have failed to communicate with their attorneys for over two years despite Plaintiffs' counsel's effort to gain their cooperation, causing Plaintiffs' counsel to seek to withdraw. In such circumstances, there is no reasonable possibility that lesser sanctions will be effacious in gaining responses to Defendants' discovery requests given that such Plaintiffs were notified by the July 19, 2012 D&O, as well as by Defendants' motion, that persistent non-compliance with court-ordered discovery directions may result in dismissal with prejudice. Whether the conduct of the non-responsive opt-in Plaintiffs also constitutes an abandonment of their claims was not raised on Defendants' motion and is not before the court.

As to the one opt-in Plaintiff Plaintiffs' counsel asserts is deceased, Joanne Gajewski, Cressman Affirmation Exh. A at 3, contrary to Plaintiffs' counsel's representation, Cressman Affirmation ¶ 11, no request for substitution has been filed on behalf of this opt-in Plaintiff within 90 days of November 26, 2012, the date of the

Cressman Affirmation, constituting a suggestion of death, as required by Fed.R.Civ.P. 25(a) ("Rule 25(a)(1)"), nor has there been any request to extend the 90-day period. *See Jones v. Siegfried Const. Co., Inc.*, 105 F.R.D. 491, 491-92 (W.D.N.Y. 1984) (late substitution may be permitted based on showing of excusable neglect). Accordingly, regardless of whether, like the other non-responsive opt-in Plaintiffs, this opt-in Plaintiff was ever notified of the July 19, 2012 D&O and Defendants' motion, Ms. Gajewski should be dismissed from the action pursuant to Rule 25(a)(1).

Finally, as to the nine non-responsive opt-in Plaintiffs Plaintiffs' counsel asserted, Cressman Affirmation Exh. A at 2-3, would provide discovery after notice of Defendants' motion, to date the record fails to indicate any such discovery has been provided. Thus, the FLSA claims of each of these nine non-responsive opt-in Plaintiffs should also be dismissed for non-compliance with the court's order. Discussion, *supra*, at 6-10.

Accordingly, Defendants' motion should be GRANTED on the FLSA claims of each of the non-responsive opt-in Plaintiffs listed in the Molloy Reply Declaration Exh. A, with the exception, for the reasons stated, Discussion, *supra*, at 7-8, of opt-in Plaintiffs Lorie Caruana and Norah Crawford, a total of 59 such Plaintiffs.

Plaintiffs' counsel also opposed Defendants' request for expenses and attorneys fees on the ground that dismissal pursuant to Rule 37(a)(5)(A) (providing for attorney's fees upon granting a motion to compel) does not authorize attorney's fees as an additional sanction for dismissal pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v). Cressman Affirmation ¶ ¶ 9-10. However, this contention overlooks Fed.R.Civ.P. 37(b)(2)(C) which specifically requires the court award such expenses against a party as a sanction imposed pursuant to Fed.R.Civ.P. 37(b)(2)(A), unless the sanctioned party's failure to

11

comply with the underlying order compelling discovery was substantially justified or an award of such expenses would, under the circumstances, be unjust. As discussed, Discussion, *infra*, at 6-10, Plaintiffs offer nothing to support that the unresponsive opt-in Plaintiffs' failure to provide Defendants' requested discovery was substantially justified[5] – based on the record the court finds it was not – or that any award of expenses incurred in connection with Defendants' motion would, in the circumstances, be unjust. The court also fails to perceive, based on the record, how such sanction under the circumstances could be considered as unjust. However, as the record supports that the failure to provide discovery in compliance with the court's July 19, 2012 D&O cannot fairly be attributed to any lack of diligence or other fault by Plaintiffs' counsel, the court finds that such expenses to Defendants are solely attributable to the unresponsive opt-in Plaintiffs, and not Plaintiffs' counsel. *See* Fed.R.Civ.P. 37(a)(5)(A) (providing for allocation of expenses between counsel and party). Accordingly, as required by Rule 37(b)(2)(C) such expenses are awarded against those individuals, based on their non-compliance with the July 19, 2012 D&O, as the "disobedient part[ies]." *Id.*

B. **Plaintiffs' Counsel's Motion To Withdraw**.

Plaintiffs' counsel's motion pursuant to Local Rule 83.2(d)(1) based on the lack of cooperation from the non-responsive opt-in Plaintiffs as discussed above, relies on an order of the Northern District of New York, Plaintiffs' Memorandum Exh. B, granting

---

[5] "The Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *United States v. $19,047.00 in U.S. Currency,* 95 F.3d 248, 251 (2d Cir. 1996) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also Ericksson v. Commissioner of Social Security*, 557 F.3d 79, 82 & n. 1 (2d Cir. 2009) (noting Supreme Court's definition of "substantially justified" as stated in *Pierce*, 487 U.S. at 565).

permission to withdraw in an FLSA collection action similar to the instant action based on the established non-cooperation and failure of certain opt-in plaintiffs in that case to communicate, like the instant case, with Plaintiffs' counsel. However, the order relied upon by Plaintiffs' counsel is distinguishable as in that case, unlike the instant case, there was no pending motion to dismiss such unresponsive opt-in plaintiffs pursuant to Rule 37(b)(2)(A). The court accordingly declines to follow the example of the Northern District in resolving Plaintiffs' counsel's motion.

As the court has determined that Defendants' motion should be granted based on the repeated and unexcused failures of the unresponsive opt-in Plaintiffs to provide discovery and comply with this court's order compelling such discovery, Discussion, *supra*, at 6-10, the court finds no reason at this time to further address Plaintiffs' counsel's motion. Plaintiffs' counsel's motion should therefore be DISMISSED as moot. Further proceedings with respect to the award of expenses to Defendants will be scheduled consistent with the District Judge's action on this Report and Recommendation.

Finally, Defendants request "additional sanctions" against Plaintiffs' counsel, presumably Sarah E. Cressman ("Cressman"), based on untruthful representations to the court to have been made by Cressman. Molloy Reply Declaration ¶ 34. Defendants allege that although Cressman stated that Plaintiffs had, in seeking reconsideration of the July 19, 2012 D&O, provided to Defendants all responses from the sample of opt-in Plaintiffs which had, up to that point, been obtained by Plaintiffs' counsel, Molloy Reply Declaration ¶ 38 (quoting Cressman Affirmation (Doc. No. 338-2), in fact Plaintiffs' counsel had been previously notified, a year earlier, that one unresponsive opt-in

13

Plaintiff, Sandra Schaefer ("Schaefer") desired to withdraw and had been provided by Plaintiffs' counsel "a form" with which to do so. Molloy Reply Declaration ¶ 42. More particularly, Defendants state that the basis of Molloy's assertion is a tape-recorded telephone call received by Defendants from Schaefer on November 24, 2012 indicating that Schaefer had advised Plaintiffs' counsel "last year" of her intention to withdraw as an opt-in Plaintiff and informing Defendants that she was "bowing out of this lawsuit." *Id.* ¶ 42. According to Defendants, the information communicated by Schaefer to Defendants establishes Cressman was aware of Schaefer's intentions prior to filing, in August 2012, the Cressman Affirmation in support of Plaintiffs' requested reconsideration of the July 19, 2012 D&O, and supports the conclusion that the representations to the court and Defendants made by Cressman in that affirmation, that no response of any opt-in Plaintiff who had been served, including Schaefer, with Defendants' discovery requests had been withheld by Plaintiffs' counsel was, on its face, false because it was contradicted by Schaefer's November 2012 telephone call to Defendants. *Id.* ¶ 44 (speculating that when Cressman filed her affirmations in support of reconsideration in August 2012, and in opposition to Defendants' motion to compel on February 13, 2012 (Doc. No. 297-2), Cressman had also received Schaefer's "written consent to opt-out," a response which had not been provided to Defendants, *i.e.*, withheld by Plaintiffs' counsel, presumably Cressman). Defendants accordingly request, in addition to Defendants' request for costs, including attorneys fees, in connection with Defendants' motion, that "Plaintiffs' counsel . . . be required to show cause why additional sanctions should not be entered." *Id.* ¶ 48. Although this request is interposed in Defendants' reply papers, specifically, in Defendants' Molloy Reply

Declaration, and therefore need not be addressed by the court, *see Ruggiero v. Warner-Lambert Co.,* 424 F.3d 249, 252 (2d Cir. 2005) (district court has discretion to consider argument first raised in reply papers), because Defendants' request invokes the court's responsibility to assure attorney compliance, *see Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562, 565 (2d Cir. 1973) ("even an appearance of [ethical] impropriety [by an attorney] requires prompt remedial action by the court'), the court will consider it. Accordingly, Plaintiffs' counsel's response to Defendants' request for such additional sanctions shall be filed within **20 days**; Defendants' reply shall be filed within **10 days** thereafter. Oral argument shall be at the court's discretion.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss with prejudice (Doc. No. 394) should be GRANTED in part, and DENIED in part. Plaintiffs' counsel's motion to withdraw (Doc. No. 396) is DISMISSED.

Respectfully submitted as to Defendants'<br>
Motion to Dismiss

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to
Plaintiffs' Counsel's Motion
   to Withdraw

    /s/ *Leslie G. Foschio*
_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2013
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: May 21, 2013
           Buffalo, New York