
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GAIL HINTERBERGER, *et al.*, | **DECISION** |
| | **and** |
| Plaintiffs, | **ORDER** |
| v. | |
| | **08-CV-380S(F)** |
| CATHOLIC HEALTH SYSTEM, INC., *et al.*, | |
| Defendants. | |

_____

APPEARANCES:   THOMAS & SOLOMON, LLP
Attorneys for Plaintiffs
MICHAEL J. LINGLE,
SARAH E. CRESSMAN, of Counsel
693 East Avenue
Rochester, New York   14607

NIXON PEABODY, LLP
Attorneys for Defendants
MARK A. MOLLOY,
TODD R. SHINAMAN,
JOSEPH A. CARELLO, of Counsel
40 Fountain Plaza, Suite 500
Buffalo, New York   14202

By papers filed October 2, 2012 (Doc. No. 351), Defendants moved to disqualify a litigation support company, D4, LLC ("D4"), as Plaintiffs' expert ("Defendants' motion").  In a Decision and Order filed May 21, 2013 (Doc. No. 455) ("the D&O"), the court denied Defendants' motion and entered a briefing schedule, D&O at 83, on Plaintiffs' request for sanctions pursuant to Fed.R.Civ.P. 11 ("Rule 11" or "Rule 11___"), 27 U.S.C. § 1927 (" § 1927"), and the court's inherent power, Plaintiffs' Memorandum at 4 ("Plaintiffs' request").

In Plaintiff's Memorandum of Law in Support of Plaintiffs' Request (Doc. No.

462), Plaintiffs contend that Defendants' motion was without merit and frivolous. Plaintiffs' Memorandum at 1.

However, Rule 11 is unavailable as a basis for Plaintiffs' request as it is established that prerequisite to the award of sanctions pursuant to Rule 11, the subject of the requested sanctions must be afforded the opportunity to respond to a formal motion brought pursuant to Rule 11(c)(2) by withdrawing the accused papers such as a motion or pleadings within 21 days. The requirements of a separate motion and withdrawal opportunity are mandatory. *See Star Mark Mgt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory*, *Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (citing cases). Here, no separate motion by Plaintiffs for Rule 11 sanctions was timely filed against Defendants following the filing of Defendants' motion. Accordingly, sanctions may not be imposed against Defendants pursuant to Rule 11.

Nor are sanctions available based on § 1927 or the court's inherent power as the award of sanctions based on these sources of the court's sanction authority requires a showing that in filing Defendants' motion, Defendants acted with subjective bad faith. *See Chambers v. NASCO, Inc.* 501 U.S. 32, 50 (1991); *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 362 (S.D.N.Y. 2006) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). "[S]anctions under § 1927 are proper when there is clear evidence that the actions were entirely without color and were taken to harass, delay the proceedings, or for otherwise inappropriate reasons." *Baker*, 431 F.Supp.2d at 362 (citing *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)). In this case, the court found that Defendants' motion was without merit for several reasons including an absence of any evidence that any of Defendants' confidential

information, including privileged information, was, or was likely to be, provided to D4, Plaintiffs' ESI consultant during the course of the scanning and objective coding work D4 performed for Defendants.  Indeed, the court found the record did not support, as was Defendants' burden, that Defendants' attorney ever actually met with D4 personnel assigned to the project to discuss D4's work for Defendants, D&O at 42, a finding not contested by Defendants.  The court also found, *inter alia*, that Defendants' motion was filed only to bolster a similar motion filed by defendants in a related case, the *Gordon* action.  Defendants' explanation, in opposition to Plaintiffs' request for sanctions, that Defendants' motion was motivated by a desire to avoid potential malpractice claims against Defendants' counsel for failure to protect Defendants' privileged information, Defendants' Memorandum (Doc. No. 465) at 4-5, rings hollow.  Such *ad hoc* rationalization is refuted by the fact that, as addressed in the D&O, Defendants failed to show that any such privileged information could conceivably have been subject to potential or actual disclosure during the scanning and objective coding work performed by D4 for Defendants.  Significantly, Defendants do not address the court's detailed analysis of this issue and now concede, as the D&O also concluded, that Defendants waived any objection that Defendants may have had to Plaintiffs' use of D4.  Defendants' Memorandum at 3 ("It is fair for the Court to conclude on these facts that CHS [Defendants] waited too long to address the [D4] disqualification.") (bracketed material added).

      Further, as Plaintiffs emphasize, Plaintiffs' Memorandum of Law In Further Support (Doc. No. 468) at 7-8, the court found that, contrary to Defendants' belated justification for Defendants' motion, Defendants' motion was filed primarily to support an

identical motion filed by defendants in the *Gordon* action and thus could have had no other purpose than to impede the completion of ESI discovery, using Defendants' recently selected predictive coding process which required Plaintiffs' use of D4's ESI consulting services, in the instant action.  *Id.*  Despite the lack of merit, as discussed in the D&O, of the various legal and factual assertions offered by Defendants in support of Defendants' motion, sanctions pursuant to § 1927 and the court's inherent power require that a subject be found to have acted in bad faith with the primary purpose of delaying the proceedings or harassing an opponent, and that such bad faith be established by "clear evidence."  *Baker,* 431 F.Supp.2d at 362 (citing *Dow Chem. Pac. Ltd.*, 782 F.2d at 344).  Here, the record shows that following filing the Defendants' motion, Defendants moved, on November 26, 2012 (Doc. No. 397) to decertify the instant collective action, which motion remains pending before the Chief District Judge.  Additionally, the parties agreed on December 17, 2012, to stay discovery pending a determination of the decertification request (Doc. No. 416).  Plaintiffs will have sufficient time to recommence and complete ESI discovery with D4's assistance following a determination of Defendants' pending motion to decertify, if necessary. Thus, given that the decertification request was likely to have been within Defendants' contemplation when Defendants' motion was filed and given that discovery has been jointly stayed, the court lacks clear evidence that Defendants' motive in seeking disqualification was solely to delay the proceedings or unduly harass Plaintiffs thereby demonstrating Defendants acted with subjective bad faith in filing Defendants' motion.  Accordingly, sanctions, pursuant to § 1927 and the court's inherent power, against Defendants are unavailable on this record.

## CONCLUSION

Based on the foregoing, Plaintiffs' request for sanctions is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
       LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2013
       Buffalo, New York