UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GAIL HINTERBERGER, *et al.*, | **DECISION** |
| | **and** |
| Plaintiffs, | **ORDER** |
| v. | |
| | **08-CV-380S(F)** |
| CATHOLIC HEALTH SYSTEM, INC., *et al.*, | |
| Defendants. | |

_____

APPEARANCES:  THOMAS & SOLOMON, LLP
Attorneys for Plaintiffs
MICHAEL J. LINGLE,
SARAH E. CRESSMAN, of Counsel
693 East Avenue
Rochester, New York  14607

NIXON PEABODY, LLP
Attorneys for Defendants
MARK A. MOLLOY,
TODD R. SHINAMAN,
JOSEPH A. CARELLO, of Counsel
40 Fountain Plaza, Suite 500
Buffalo, New York  14202

By papers filed June 20, 2013 (Doc. No. 463), Defendants seek sanctions against Plaintiffs' attorneys ("Plaintiffs' attorneys") based on Defendants' contention that Plaintiffs' attorneys, particularly Sarah E. Cressman ("Cressman"), misrepresented to the court and Defendants' counsel that no discovery responses from opt-in Plaintiffs, included in a random sample of such Plaintiffs, had been withheld whereas Plaintiffs' attorneys had knowingly withheld such response from at least one such Plaintiff who had requested to formally terminate her status as an opt-in Plaintiff by opting out of this collective FLSA action.  Specifically, according to Defendants, the court's Decision and

Order (Doc. No. 328), granted in part Defendants' motion to compel full responses by all responding opt-In Plaintiffs in the sample including that of any such opt-in Plaintiff who had informed Plaintiffs' attorneys of the desire to opt-out of the case. Defendants' Memorandum (Doc. No. 463) at 4-5. In support of Defendants' contention, Defendants cite to the fact one such opt-in Plaintiff, Sandra Schaefer ("Schaefer"), erroneously left a voice telephonic message on Defendants' answering machine on November 24, 2012, stating that she had previously informed, prior to the date of the D&O, Plaintiffs' attorneys of her desire to opt-out. Defendants' Memorandum at 6. Defendants also assert that Plaintiffs' attorneys concede that Schaefer's desire was in fact communicated to Plaintiffs' attorneys sometime in 2011, well before Cressman filed an August 16, 2012 affirmation (Doc. No. 338-2) ("the August 16, 2012 Affirmation") stating that all opt-in Plaintiffs' discovery responses had been produced, and a Memorandum of Law, filed August 16, 2012 (Doc. No. 338-1) ("the August 16, 2012 Memorandum of Law"), filed by Plaintiffs' attorney, Michael J. Lingle ("Lingle"), which reiterated such representations. Because, as Defendants further argue, neither Cressman nor Lingle advised Defendants that Schaefer's opt-out request was received after Cressman filed the August 16, 2012 Affirmation and Lingle filed the August 16, 2012 Memorandum of Law in which Plaintiffs' attorneys stated that they had "served responses for whichever plaintiffs on the sample lists Plaintiffs' counsel was able to obtain responses from," Defendants' Memorandum at 8 (quoting Doc. No. 338-2 ¶ 5), that "in fact plaintiffs' counsel did not withhold any [Plaintiffs'] responses," and that "plaintiffs had no additional discovery responses to produce," Defendants' Memorandum at 10 (quoting Doc. No. 338-1 at 1, 2), Cressman and Lingle's respective statements are, according to

Defendants, "materially false." warranting sanctions. Defendants' Memorandum at 7.

In opposition, Plaintiffs' attorneys contend Defendants' belated sanctions request is vexatious and was filed with the intention of harassing Plaintiffs. Plaintiffs' Affirmation of Sarah E. Cressman (Doc. No. 461) ¶ 4 ("Cressman Affirmation"). Cressman also contends that the challenged representations on which Defendants rely refer accurately only to discovery responses received from opt-in Plaintiffs as members of the discovery sample group, not to any opt-out requests to Plaintiffs' counsel made by Plaintiffs, including Schaefer. *Id.* ¶ 12. Additionally, Plaintiffs' attorneys argue that as such communications are privileged, Plaintiffs' attorneys were under no obligation to disclose them to Defendants in any event. *Id.* ¶ 18. Cressman further avers that Schaefer provided no responses to Defendants' discovery requests addressed in the D&O which should have been produced to Defendants. *Id.* ¶ 22. Plaintiffs' attorneys also request sanctions against Defendants pursuant to Fed.R.Civ.P. 11 ("Rule 11"), 28 U.S.C. § 1927 ("§ 1927") and the court's inherent power. *Id.* ¶ 27.

Although the D&O directed Plaintiffs' attorneys to provide all responses to Defendants' discovery requests addressed by the D&O regardless of whether any such Plaintiffs had expressed an intent to opt-out of the collective action, D&O at 24, it did not, contrary to Defendants' interpretation, Defendants' Memorandum at 4 ("that an opt-in plaintiff that [*sic*] affirmatively chose to opt-out of the case could be designated as 'non-responsive'"), direct production of the fact that a Plaintiff had decided to opt-out unless the Plaintiff had provided discovery responses regardless of whether the responses were favorable or unfavorable to Plaintiffs' claims. Relevantly, the Cressman Affirmation acknowledges that while Schaefer had communicated to

3

Plaintiffs' attorneys her intent to opt-out, she had, in fact, provided no discovery responses. Cressman Affirmation ¶ 22 ("Ms. Schaefer did not complete any written discovery responses . . ..). Thus, there is no basis for Defendants' assertion that Plaintiffs' attorneys' representations to the court, asserted in both the Cressman August 6, 2012 Affirmation and the August 16, 2012 Memorandum of Law, that all responses to Defendants' discovery requests received from the entire sample group of opt-in Plaintiffs were rendered "materially false" because these filings failed to state that Schaefer had previously informed Plaintiffs' attorneys of her intent to opt-out of the instant litigation.

As to Plaintiffs' request for sanctions, it established that failure to separately move for sanctions pursuant to Fed.R.Civ.P. 11(c)(2) precludes sanctions. *See Star Mark Mgt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory*, Ltd., 682 F.3d 170, 175 (2d Cir. 2012). Here, because Plaintiffs did not timely request Rule 11 relief following Defendants' request for sanctions against Plaintiffs' attorneys, no sanctions are available against Defendants' counsel pursuant to Rule 11. *See Star Mark Mgt., Inc.*, 682 F.3d at 175. Additionally, sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power are unavailable unless the subject is shown to have acted with subjective bad faith. *See Chambers v. NASCO, Inc.* 501 U.S. 32, 50 (1991); *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 362 (S.D.N.Y. 2006) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). "[S]anctions under § 1927 are proper when there is clear evidence that the actions were entirely without color and were taken to harass, delay the proceedings, or for otherwise inappropriate reasons." *Baker*, 431 F.Supp.2d at 362 (citing *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344

(2d Cir. 1986)). As such, while Plaintiffs' attorneys believe Defendants' request to be assertedly an exercise in futility based on Defendants' counsels' erroneous construction of the D&O's requirements and Plaintiffs' attorneys' statements which are the subject of Defendants' sanctions request, the court does not find such construction constitutes clear evidence that in seeking sanctions against Plaintiff's attorneys based on the misrepresentations to the court posited by Defendants, Defendants' counsel acted in subjective bad faith. *See Baker,* 431 F.Supp.2d at 362 (lawsuit motivated by improper consideration, prosecuted in bad faith, factual and legal contentions either frivolous or objectively unreasonable and a unique need for compensation and deterrence warranted sanctions). In the instant case, although the D&O did not specify that information relating to an opt-in Plaintiff's desire to opt-out was to be produced, a plain reading of the D&O establishes that, contrary to Defendants' contention that "[t]his Court granted the entirety of Defendant's [*sic*] motion to Compel," Defendants' Memorandum at 4, the undersigned granted the motion to compel only "insofar as Defendants move[d] to compel discovery responses from all 110 randomly-selected opt-in Plaintiffs . . .." D&O at 24. Because, however, the undersigned did not specify those portions of Defendants' motion to compel that were being denied, Defendants' attorneys' construction of the scope of the D&O therefore cannot be said to have been in bad faith. Accordingly, the court finds that sanctions against Defendants' counsel as Plaintiffs request cannot be ordered pursuant to § 1927 or the court's inherent power.

## CONCLUSION

Defendants' request for sanctions is DENIED; Plaintiffs' request for sanctions is DENIED.

SO ORDERED.

                                                /s/ *Leslie G. Foschio*
                                        _____
                                            LESLIE G. FOSCHIO
                                   UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2013
        Buffalo, New York